NATIONAL CITY BANK v CRAWFIS et

Ohio Common Pleas, Putnam Co

Decided July 22, 1937

White & Mierke, Cleveland, and E. F. Wieser, Ottawa, for plaintiff.

J. J. Labadie, Ottawa, and Duncan, Kennedy & Thomas, Cleveland, for defendants.

## OPINION

By SLABAUGH, J.

This cause now coming on for hearing, a jury having been by the parties in open court waived, was submitted on the pleadings, exhibits, agreed statement of facts and briefs of counsel in writing, and the court being fully advised in the premises on its own motion hereby submits its conclusion of facts separate from its conclusions of law, and finds as its conclusions of facts as follows:

1. The plaintiff is a National Banking Association organized under the banking laws of the United States of America, and is duly authorized to act in a trust and fiduciary capacity.

2. That by virtue of letters of trusteeship issued to it by the Probate Court of Cuyahoga County, Ohio, it is the duly appointed and qualified trustee of a trust created by the last will and testament of William Kaple, deceased, succeeding as trustee of said trust, The Union Trust Company of Cleveland, Ohio.

3. That the decedent, William Kaple, was a devisee under the last will of John Kaple, his father, who predeceased the said William Kaple.

4. That said William Kaple died on or about the 7th day of April, 1932, and his last will and testament was duly admitted to probate in the Probate Court of Cuyahoga County, Ohio, on the 21st day of April, 1932.

5. That by his last will, the decedent, William Kaple, devised and bequeathed, with certain exceptions not material to the issues in this cause, all his property, real and personal, to The Union Trust Company of Cleveland, Ohio, in trust, to be by it held, invested, managed and disposed of as directed by his will.

6. That said William Kaple died leaving Annette Kaple, his widow, and Lillian Yoakum, Dorothy Kaple and Ruth Kaple, his only heirs at law.

7. That The Union Trust Company, the trustee of the trust created by the last will of William Kaple, resigned, and The National City Bank of Cleveland, plaintiff herein, was duly appointed successor trustee of said trust by the Probate Court of Cuyahoga County, Ohio, on the 23rd day of December, 1935.

8. That the interest of William Kaple in the estate of his father, John Kaple, vested in the trustee named in his last will.

9. That the defendant, Wilson Crawfis, was on the 21st day of September, 1932, the 28th day of October, 1932, and the 9th day of February, 1934, the duly elected, qualified and acting sheriff of Putnam County, Ohio, and that before entering upon his official duties, he gave bond in the principal sum of Ten Thousand Dollars ($10,000), with the defendant, The Fidelity & Casualty Company of New York, as surety thereon, and that said bond was approved by the duly elected commissioners of Putnam County, Ohio, and was thereafter filed with the auditor of said county, and that said bond was conditioned for the faithful performance of his duties as such sheriff during the term for which he was elected, otherwise to be void.

10. That thereafter and during the term of office of the defendant, Wilson Crawfis, there came into his possession as such sheriff on November 15, 1932 the sum of Eighty-Seven Hundred Dollars ($8,700) being the proceeds of the sale in partition of land formerly owned by John Kaple, father of Wilson Kaple, and that the interest of the decedent, William Kaple, in the estate of the decedent, William Kaple, in the proceeds of such sale, was One Thousand One Hundred Forty-nine Dollars and Thirty-two cents ($1,149.32).

11. That on November 15, 1932 defendant, Wilson Crawfis, as sheriff of Putnam

County, Ohio, deposited in The Bank of Ottawa Company, Ottawa, Ohio, to his credit as sheriff, the sum of $2,957.40 including $1,149.32 belonging to heirs of William Kaple, deceased, and payable to trustee named in will of William Kaple said money being received by said defendant, Wilson Crawfis, sheriff of Putnam County, Ohio, on the same date to-wit, November 15, 1932.

12. That thereafter defendant Wilson Crawfis paid out of said fund, money belonging to the heirs of Jerome Kaple, deceased.

13. That the partition proceedings for the sale of said land appears of record on the docket of this court in causes Nos. 14769 and 15117. That case No. 14769 was filed September 21, 1932, and that case No. 15117 was filed February 9, 1934.

14. That the Bank of Ottawa Company, Ottawa, Ohio, was closed for liquidation on November 28, 1932 at which time said sum of $1,149.32 was still on deposit in the said Bank of Ottawa Company to the credit of the account of the defendant Wilson Crawfis, as sheriff of Putnam County, Ohio.

15. That no demand was ever made on defendant, Wilson Crawfis, as sheriff of Putnam County, Ohio, for said sum of $1,149.32 either by the heirs of William Kaple, deceased, or by the plaintiff as trustee of the estate of William Kaple, deceased, before November 28, 1932, and no demand was made until 1936.

16. That the defendant, Wilson Crawfis, during his term of office as sheriff of Putnam County, Ohio, was not provided with a safe or any other place for preservation or deposit of money coming into his hands as sheriff by the commissioners of Putnam County, Ohio, and that the Bank of Ottawa Company, Ottawa, Ohio, was the customary place of deposit of sheriff's funds used by the defendant, Wilson Crawfis, as sheriff of Putnam County, Ohio.

17. That the defendant, Wilson Crawfis, sheriff of Putnam County, Ohio, filed proof of claim as a preferred claim for said sum of $1,149.32 with the state banking department of the state of Ohio as against the Bank of Ottawa Company, Ottawa, Ohio after November 28, 1932 and that said claim was refused by said banking department.

18. That the defendant, Wilson Crawfis on April 7, 1933, filed a legal action in cause No. 14917 in the Common Pleas Court of Putnam County, Ohio, against the superintendent of banks of the state of Ohio and the Bank of Ottawa Company for said sum of $1,149.32 belonging to the heirs

and trustee of William Kaple, deceased, and that the Supreme Court of Ohio denied their claim for said money.

19. That on November 15, 1932, at the time defendant, Wilson Crawfis, deposited said sum of $2,957.40, including said sum of $1,149.32 belonging to the heirs of William Kaple, deceased, in the Bank of Ottawa Company, he did not know, nor did he have any reason to believe that said Bank of Ottawa Company was insolvent or in an unsafe condition, or subject to liquidation, nor did he have any such knowledge up to November 28, 1932, when said bank was closed for liquidation.

20. That by order of court in said partition proceeding, in cause No. 15117 on the 6th day of August, 1934, said Wilson Crawfis, sheriff as aforesaid, was ordered and directed to pay to I. J. Fulton, superintendent of banks of the state of Ohio, in charge of the liquidation of said The Union Trust Company of Cleveland, Ohio, trustees named in said last will of said decedent, William Kaple, the interest in the proceeds of sale of said premises found due to the heirs of William Kaple, deceased.

21. That on February 9, 1934, case No. 15117 was filed in Common Pleas Court by Julia Kaple v Lawrence Kaple et al, and the Union Trust Company of Cleveland, Ohio, as trustee, to correct the following errors appearing in the petition of plaintiff in original case No. 14769:

a. Wrong description of real estate to be partitioned.

b. Statement that William Kaple died intestate and setting forth trustee named in will.

c. Failure to make the Union Trust Company of Cleveland, Ohio, party defendant.

22. That the amount so ordered paid by said sheriff to the trustee of the trust created by the last will of William Kaple, deceased, has not been paid, and that prior to the commencement of this action to-wit: sometime in the year 1936 the plaintiff duly demanded payment thereof from said sheriff, which demand was refused.

23. That the defendant, Wilson Crawfis as sheriff of Putnam County, Ohio, was not guilty of any malfeasance, misfeasance or nonfeasance of his duties as sheriff with reference to this sum of money, which came into his hands, nor did the sheriff mis-apply said fund or appropriate or convert the same to his own use.

And, the court as its conclusions of law upon the above facts finds,

(1) That the law of any given case is set forth in the syllabi thereof.

(2) That the question involved in the case at bar has already been decided and passed upon in the case of **George P. Ikert, Administrator against Robert Wells,** decided by the Circuit Court of Columbiana County in the year 1910, and reported in 13 C.C. (N.S.) 213, 32 O.C.R. at page 82, the second syllabus stating the law to be,

"Sheriff cannot be amerced for money lost in bank failure.

"A sheriff having received a sum of money from the sale of lands made under an order of court in a partition case, and pending an order of distribution, deposited the money in a local bank of good standing and credit, in a separate account to his credit as sheriff and not mingled with his private funds, is not liable in amercement for the money because before the fund was paid out the bank failed, and no negligence or bad faith being charged or shown on the part of the sheriff."

The Ikert case was affirmed by the Supreme Court on March 15, 1910 without opinion in **82 Oh St at page 401.**

Therefore the court feels inclined and does find that the law governing the facts in the case at bar is fixed by the law established in the Ikert case above referred to. And, this court does not desire at this time to reverse or overrule the Supreme Court, and the law established in the Ikert case has not since been distinguished, modified or reversed by the Supreme Court.

This court therefore holds that the defendants are not liable and that the petition of the plaintiff be dismissed at plaintiff's costs, and it is so ordered.